**08 C 873**

**JUDGE GETTLEMAN**
**MAGISTRATE JUDGE DENLOW**

# EXHIBIT 1

Plaintiff's Complaint

Firm I. D. No. 22231

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

2007L014462
CALENDAR/ROOM X
TIME 00:00
PI Other

ANITA CARTER, as Administrator of the Estate of
ANNA MAE HALL, Deceased,

    Plaintiff,

versus

MANOR CARE OF HOMEWOOD IL, LLC, and
MANORCARE HEALTH SERVICES, LLC.,

    Defendant(s).

COURT #

## COMPLAINT AT LAW

### COUNT I

(CARTER v. MANOR CARE OF HOMEWOOD IL, LLC, and MANORCARE HEALTH SERVICES, LLC.. - Nursing Home Care Act)

NOW COMES the plaintiff, ANITA CARTER, As Special Administrator of the Estate of ANNA MAE HALL, Deceased, by and through her attorney, MUNDAY & NATHAN, makes the following allegations against the defendants, MANOR CARE OF HOMEWOOD IL, LLC. and MANORCARE HEALTH SERVICES, LLC.:

1.     ANNA MAE HALL was born on February 5, 1943.

2.     ANNA MAE HALL was a resident of the long term care facility known as MANORCARE HEALTH SVS HOMEWOOD from December 31, 2005, to January 1, 2006.

3.     Plaintiff, ANITA CARTER is the Special Administrator of the Estate of ANNA MAE HALL, Deceased.

4.     During all times relevant to the Complaint, defendants, MANOR CARE OF HOMEWOOD IL, LLC. and MANORCARE HEALTH SERVICES, LLC. OAKTON PAVILLION, INC. (hereinafter "MANORCARE"), were Illinois Corporations, which operated and was the licensee of a long term nursing care facility known as MANORCARE HEALTH SVS HOMEWOOD, located at 940 Maple Avenue, Homewood, IL, 60430.

EXHIBIT 1

5. At all times relevant to this Complaint, there was in full force and effect a statute known as the Nursing Home Care Act, as amended (the "Act"), 210 *ILCS* 41/1-101 et seq.

6. At all times relevant to this Complaint, MANORCARE, was a "facility" as defined by 45/1-113 of the Act and was subject to the requirements of the Act and the regulations of the Illinois Department of Public Health promulgated pursuant to the Act.

7. At all times relevant to this Complaint MANORCARE, received payment from Medicaid and/or Medicare to provide ANITA CARTER nursing home care, treatment and related services, and was subject to the requirements of 42 *USC* §1396r (1990) et seq., as amended by the Omnibus Budget Reconciliation Act of 1987 ("OBRA") and Volume 42, Code of Federal Regulations, Part 483 setting forth Medicare and Medicaid Requirements for Long Term Facilities ("OBRA REGULATIONS", as effective on October 1, 1990.

8. At all times relevant to this Complaint, MANORCARE, was a "nursing facility" as defined by 42 *USC* §1396r.

9. On or before December 31, 2006, the defendants, MANORCARE, were aware of ANNA MAE HALL's prior and current medical conditions.

10. The defendants, and its officers, agents and employees, managers and personnel, had the duty not to violate the rights of any resident of MANORCARE, including the right not to be neglected as provided by the Act as follows:

> An owner, licensee, administrator, employee or agent of a facility shall not abuse or neglect a resident. 210 ILCS 45/2-107.

> "Neglect" means a failure in a facility to provide adequate medical or personal care or maintenance, which failure results in a physical or mental injury to a resident or in the deterioration of a resident's physical or mental condition. 210 ILCS 45/1-117.

12. During the period of ANNA MAE HALL's residency at MANORCARE, the defendants failed to provide ordinary care and violated the provision of the ACT in that the defendants:

(a) In violation of 77 Ill.Admin.Code, Ch. 1, §300.1210(a), failed to provide adequate and properly supervised care to meet ANA MAE HALL's total nursing and personal care needs;

(b)  In violation of 77 Ill.Admin.Code, Ch. 1, §300.1210(b)(3), failed to make objective observations of changes in ANNA MAE HALL'S condition, as a means of analyzing and determining care required;

(c)  In violation of 77 Ill.Admin.Code, Ch. 1, §300.1210(b)(4)(a), failed to ensure ANNA MAE HALL received proper daily personal attention;

(d)  In violation of 77 Ill.Admin.Code, Ch. 1, §300.1010(e), failed to properly have ILIJA SAVIC seen by a physician as often as necessary to assure adequate health care;

(e)  In violation of §483.30(m)(2) of the OBRA REGULATIONS, failed to ensure that ANNA MAE HALL was free from significant medical errors; and

(g)  In violation of §483.30(a)(1) and (2) of the OBRA REGULATIONS, failed to provide twenty-four hour nursing services, seven days a week, to meet the needs of ILIJA SAVIC after being admitted to and while remaining at OAKTON PAVILLION, INC.

13. The Nursing Home Care Act, as amended, provides as follows:

The licensee shall pay the actual damages, and costs and attorney's fees to a facility resident whose rights, as specified in part 1 of Article 2 of this Act, are violated. 210 ILCS 45/3-206

14. The Nursing Home Care Act, as amended, provides as follows:

"The owner and licensee are liable to a resident for any intentional or negligent act or omission of their agency or employees which injures the resident." 210 ILCS 45/3-601

15. As a direct and proximate result of one or more of the defendants' statutory violations, ANNA MAE HALL sustained injuries including but not limited to cardiac arrest, which caused or contributed to her death.

16. As a direct and proximate result of one or more of the foregoing acts or omissions, ANNA MAE HALL suffered substantial injuries of a personal and pecuniary nature, including but not limited to, pain and suffering, disability and disfigurement, medical and related expenses; and ANNA MAE HALL would have been entitled to receive compensation from the defendant for these injuries had she survived.

17. ANITA CARTER brings this action of behalf of ANNA MAE HALL under the provisions of 755 ILCS 6/27-6, commonly known as the Illinois Survival Statute.

WHEREFORE, the plaintiff, ANITA CARTER, As Special Administrator of the Estate of ANNA MAE HALL, Deceased, asks judgment against the defendants, MANOR CARE OF HOMEWOOD IL, LLC. and MANORCARE HEALTH SERVICES, LLC., in a fair and just amount in excess of One Hundred Thousand ($100,000) Dollars, attorneys fees and costs as provided for by Statute.

## COUNT II

(CARTER v. MANOR CARE OF HOMEWOOD IL, LLC, and MANORCARE HEALTH SERVICES, LLC.. - Wrongful Death)

NOW COMES the plaintiff, ANITA CARTER, As Special Administrator of the Estate of ANNA MAE HALL, Deceased, by and through her attorney, MUNDAY & NATHAN, makes the following allegations against the defendants, MANOR CARE OF HOMEWOOD IL, LLC. and MANORCARE HEALTH SERVICES, LLC.:

1. On or before December 31, 2005, the defendants, MANOR CARE OF HOMEWOOD IL, LLC. and MANORCARE HEALTH SERVICES, LLC., owned, operated, maintained, managed and controlled a certain medical facility or nursing home wherein it provided rooms, laboratories, technicians, and nursing services, for patients confined in the said facility.

2. At all times mentioned herein, the defendants, MANOR CARE OF HOMEWOOD IL, LLC. and MANORCARE HEALTH SERVICES, LLC., conducted business by treating and examining patients in Cook County, Illinois.

3. On the December 31, 2005 through January 1, 2006, the plaintiff's decedent, ANNA MAE HALL, was a patient confined in the said facility, under the care of a duly licensed physician, medical personnel and nurses, for treatment of ill-being to which the defendants examined the plaintiff's decedent, ANNA MAE HALL, and recommend a course of treatment with the plaintiff's decedent undertook upon the advise of the said defendants.

4. At all relevant times hereto, defendants, MANOR CARE OF HOMEWOOD IL, LLC. and MANORCARE HEALTH SERVICES, LLC. held itself out to the public as a skilled nursing

home providing health care services, and the facility bore the MANORCARE HEALTH SVS HOMEWOOD name.

5. At all relevant times hereto, defendants, MANOR CARE OF HOMEWOOD IL, LLC. and MANORCARE HEALTH SERVICES, LLC. acted in a manner that would lead a reasonable person to conclude that the physicians and nurses providing care and treatment to plaintiff's decedent at MANORCARE, including, but not limited to its nursing staff, were employees or agents of MANOR CARE OF HOMEWOOD IL, LLC. and MANORCARE HEALTH SERVICES, LLC.

6. At all relevant times hereto, it was the duty of the defendants, by and through its duly licensed agents, servants and employees, as well as its actual and/or apparent agents, including but not limited to its nursing staff, to exercise ordinary care and caution in the care and treatment of the plaintiffs' decedent.

8. Not regarding its duty as aforesaid, the defendants, MANOR CARE OF HOMEWOOD IL, LLC. and MANORCARE HEALTH SERVICES, LLC., by and through their duly authorized and/or apparent agents, servants, and employees, were guilty of one or more of the following careless and negligent acts or omissions:

(a) carelessly and negligently failed to properly monitor ANNA MAE HALL;

(b) carelessly and negligently failed to properly administer medication to ANNA MAE HALL;

(c) carelessly and negligently failed to timely resuscitate ANNA MAE HALL;

(d) carelessly and negligently failed to contact emergency services for ANNA MAE HALL

(e) otherwise carelessly and negligently failed to provide appropriate nursing care to ANNA MAE HALL; and/or

(f) otherwise carelessly and negligently failed to provide appropriate medical care to ANNA MAE HALL.

9. As a direct and proximate result of the aforesaid, Plaintiff's decedent, ANNA MAE HALL, suffered severe and permanent injuries that lead to her death on January 1, 2006 and her survivors have suffered injuries of a personal and pecuniary nature, including but not limited to

loss of society, companionship, guidance and material services and support. Further, the estate of the decedent was diminished by virtue of the medical and funeral expenses that were incurred.

10. The plaintiff, ANITA CARTER, As Special Administrator of the Estate of ANNA MAE HALL, Deceased, brings this action pursuant to 740 ILCS 180/1, commonly known as the Wrongful Death Act of the State of Illinois.

11. Plaintiff's decedent left surviving her;

a. her daughter, Anita Carter;

b. her daughter, Carol Johnson; and

c. her son, Willie Hall.

WHEREFORE, the plaintiff, ANITA CARTER, As Special Administrator of the Estate of ANNA MAE HALL, Deceased, ask judgment against the defendants, MANOR CARE OF HOMEWOOD IL, LLC. and MANORCARE HEALTH SERVICES, LLC, in a sum in excess of One Hundred Thousand ($100,000) Dollars, which will fairly compensate the plaintiff for the injuries sustained.

## COUNT III

(CARTER v. MANOR CARE OF HOMEWOOD IL, LLC, and
MANORCARE HEALTH SERVICES, LLC.- Survival Action)

NOW COMES the plaintiff, ANITA CARTER, As Special Administrator of the Estate of ANNA MAE HALL, Deceased, by and through her attorney, MUNDAY & NATHAN, makes the following allegations against the defendants, MANOR CARE OF HOMEWOOD IL, LLC. and MANORCARE HEALTH SERVICES, LLC.:

1. - 10. Plaintiff realleges paragraphs 1 through 10 of Count II as if the same were set forth herein as paragraphs 1 through 10 of this Count III.

11. That this action is being brought pursuant to the provisions of the Survival Act for all the damages awardable thereunder for those damages that ANNA MAE HALL could have sought compensation for had she survived.

WHEREFORE, the plaintiff, ANITA CARTER, As Special Administrator of the Estate

of ANNA MAE HALL, Deceased, ask judgment against the defendants, MANOR CARE OF HOMEWOOD IL, LLC. and MANORCARE HEALTH SERVICES, LLC., in a sum in excess of One Hundred Thousand ($100,000) Dollars, which will fairly compensate the plaintiff for the injuries sustained.

33 North Dearborn Street
Suite 2220
Chicago, IL 60602
(312) 346-5678

MUNDAY & NATHAN
BY: _____
Sharon A. Kobrin
Attorneys for Plaintiff

Firm I. D. No. 22231

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ANITA CARTER, as Administrator of the Estate of ANNA MAE HALL, Deceased,<br><br>          Plaintiff,<br><br>      *versus*<br><br>MANOR CARE OF HOMEWOOD IL, LLC, and MANORCARE HEALTH SERVICES, LLC.,<br><br>          Defendant(s). | COURT # |

### AFFIDAVIT OF SHARON A. KOBRIN

I, Sharon A. Kobrin, being duly sworn under oath depose and state as follows:

1. That I am the attorney who prepared the complaint for the above-captioned matter.

2. That I believe that this case is worth greater than $50,000 based upon the injuries sustained.

FURTHER AFFIANT SAYETH NOT

_____
Sharon A. Kobrin

SUBSCRIBED TO AND
SWORN TO BEFORE ME
THIS December 28, 2007.

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
Gail M. Callanan
Notary Public, State of Illinois
My Commission Exp. 09/18/2009

Firm I. D. No. 22231

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ANITA CARTER, as Administrator of the Estate of ANNA MAE HALL, Deceased,<br><br>Plaintiff,<br><br>*versus*<br><br>MANOR CARE OF HOMEWOOD IL, LLC, and MANORCARE HEALTH SERVICES, LLC.,<br><br>Defendant(s). | COURT # |

### AFFIDAVIT OF SHARON A. KOBRIN

I, Sharon A. Kobrin, being first duly sworn, on oath, depose and state that:

1. I am an attorney licensed to practice law in the State of Illinois and that I am the attorney of record for the plaintiff in this action.

2. That the statute of limitations for this cause of action expires on January 1, 2008.

3. That the affiant has requested the medical records but have not received all of the medical records and additionally, was unable to obtain all the required a consultation, required by Paragraph 1, Section 2-622 of the Illinois Code of Civil Procedure because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations. The affiant is arranging for such a consultation and will provide the requisite affidavit within ninety (90) days.

4. That based on the information provided to me by my client, I believe that a meritorious cause exists for filing the above action to toll the statute of limitations while the records are being reviewed by an expert.

5. That the plaintiff has not previously voluntarily dismissed an action based upon the same or substantially the same acts, omissions, or occurrences.

Further your Affiant sayeth not.

Respectfully submitted,
MUNDAY & NATHAN

BY: _____
Sharon A. Kobrin

SUBSCRIBED AND SWORN TO
before me this 28th day of December, 2007.

_____
NOTARY PUBLIC

MUNDAY & NATHAN
33 N. Dearborn St.
Suite 2220
Chicago, IL 60602-3109
(312) 346-5678

"OFFICIAL SEAL"
Gail M. Callanan
Notary Public, State of Illinois
My Commission Exp. 09/18/2009