**08 C 873**

**JUDGE GETTLEMAN**
**MAGISTRATE JUDGE DENLOW**

# EXHIBIT 4

Responsive Pleadings

11739 DTM MC

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| ANITA CARTER, as Administrator of the Estate of ANNA MAE HALL, Deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 07 L 014462 |
| MANOR CARE OF HOMEWOOD IL, LLC, and MANORCARE HEALTH SERVICES, LLC, | ) ) ) | Calendar X |
| Defendant. | ) ) | |

## ANSWER TO PLAINTIFF'S COMPLAINT AT LAW

NOW COMES Defendant, MANOR CARE OF HOMEWOOD IL, LLC, by and through its attorneys, McVEY & PARSKY, LLC, and for its Answer to Plaintiff's Complaint at Law, states as follows:

### COUNT I
### (CARTER v. MANOR CARE OF HOMEWOOD IL, LLC, and MANORCARE HEALTH SERVICES, LLC.. - Nursing Home Care Act)

NOW COMES the plaintiff, ANITA CARTER, As Special Administrator of the Estate of ANNA MAE HALL, Deceased, by and through her attorney, MUNDAY & NATHAN, makes the following allegations against the defendants, MANOR CARE OF HOMEWOOD IL, LLC and MANORCARE HEALTH SERVICES, LLC.:

1. ANNA MAE HALL was born on February 5, 1943.

**ANSWER:** The allegations of Paragraph 1 are denied.

2. ANNA MAE HALL was a resident of the long term care facility known as MANORCARE HEALTH SVS HOMEWOOD from December 31, 2005, to January 1, 2006.

   **ANSWER:** This Defendant will admit that Anna Mae Hall was a resident of its facility at certain times, but denies the remaining allegations of Paragraph 2.

3. Plaintiff, ANITA CARTER is the Special Administrator of the Estate of ANNA MAE HALL, Deceased.

EXHIBIT 4

**ANSWER:** The allegations of Paragraph 3 are admitted.

4. During all times relevant to the Complaint, defendants, MANOR CARE OF HOMEWOOD IL, LLC. and MANORCARE HEALTH SERVICES, LLC. OAKTON PAVILLION, INC. (hereinafter "MANORCARE"), were Illinois Corporations, which operated and was the licensee of a long term nursing care facility known as MANORCARE HEALTH SVS HOMEWOOD, located at 940 Maple Avenue, Homewood, IL, 60430.

**ANSWER:** This Defendant denies that either Defendant was an Illinois corporation, but admits the remaining allegations of Paragraph 4.

5. At all times relevant to this Complaint, there was in full force and effect a statute known as the Nursing Home Care Act, as amended (the "Act"), 210 ILCS 41/1-101 et seq.

**ANSWER:** This Defendant will admit to the existence of the statute, but denies its applicability and denies any breach of said statute.

6. At all times relevant to this Complaint, MANORCARE, was a "facility" as defined by 45/1-113 of the Act and was subject to the requirements of the Act and the regulations of the Illinois Department of Public Health promulgated pursuant to the Act.

**ANSWER:** This Defendant will admit that it was subject to certain requirements of the Act and certain regulations of the Illinois Department of Public Health, but denies the remaining allegations of Paragraph 6.

7. At all times relevant to this Complaint MANORCARE, received payment from Medicaid and/or Medicare to provide ANITA CARTER nursing home care, treatment and related services, and was subject to the requirements of 42 USC §1396r (1990) et seq., as amended by the Omnibus Budget Reconciliation Act of 1987 ("OBRA") and Volume 42, Code of Federal Regulations, Part 483 setting forth Medicare and Medicaid Requirements for Long Term Facilities ("OBRA REGULATIONS", as effective on October 1, 1990.

**ANSWER:** This Defendant denies the allegations of Paragraph 7 in that they refer to federal statutes and regulations which do not provide for a private cause of action or establish a standard of care.

2

8.  At all times relevant to this Complaint. MANORCARE, was a "nursing facility" as defined by 42 USC §1396r.

**ANSWER:** **This Defendant denies the allegations of Paragraph 8 in that they refer to federal statutes and regulations which do not provide for a private cause of action or establish a standard of care.**

9.  On or before December 31, 2006, the defendants, MANORCARE, were aware of ANNA MAE HALL's prior and current medical conditions.

**ANSWER:** **The allegations of Paragraph 9 are denied.**

10. The defendants, and its officers, agents and employees, managers and personnel, had the duty not to violate the rights of any resident of MANORCARE, including the right not to be neglected as provided by the Act as follows:

> An owner, licensee, administrator, employee or agent of a facility shall not abuse or neglect a resident. 210 ILCS 45/2-107.
>
> "Neglect" means a failure in a facility to provide adequate medical or personal care or maintenance, which failure results in a physical or mental injury to a resident or in the deterioration of a resident's physical or mental condition. 210 ILCS 45/1-117.

**ANSWER:** **This Defendant will admit to all duties imposed by law and denies the allegations of Paragraph 10 to the extent that they imply that this Defendant had duties not imposed by law. Further answering, this Defendant denies the allegations of Paragraph 10 to the extent that they misquote or inaccurately paraphrase the statutes referenced.**

12. During the period of ANNA MAE HALL's residency at MANORCARE, the defendants failed to provide ordinary care and violated the provision of the ACT in that the defendants:

(a) In violation of 77 Ill.Admin.Code, Ch. 1, §300.121.0(a), failed to provide adequate and properly supervised care to meet ANA MAE HALL's total nursing and personal care needs;

(b) In violation of 77 Ill.Admin.Code, Ch. I, §300.1210(b)(3), failed to make objective observations of changes in ANNA MAE HALL'S condition, as a means of analyzing and determining care required;

3

(c)  In violation of 77 Ill.Admin.Code, Ch. 1, §300.1210(b)(4)(a), failed to ensure ANNA MAE HALL received proper daily personal attention;

(d)  In violation of 77 Ill.Admin.Code, Ch. 1, §300.1010(e), failed to properly have ILIJA SAVIC seen by a physician as often as necessary to assure adequate health care;

(e)  In violation of §483.30(m)(2) of the OBRA REGULATIONS, failed to ensure that ANNA MAE HALL was free from significant medical errors; and

(g)  In violation of §483.30(a)(1) and (2) of the OBRA REGULATIONS, failed to provide twenty-four hour nursing services, seven days a week, to meet the needs of ILIJA SAVIC after being admitted to and while remaining at OAKTON PAVILLION, INC.

**ANSWER:**  **This Defendant denies the allegations of Paragraph 12, including the allegations contained in all of it subparagraphs.**

13.  The Nursing Home Care Act, as amended, provides as follows:

> The licensee shall pay the actual damages, and costs and attorney's fees to a facility resident whose rights, as specified in part 1 of Article 2 of this Act, are violated. 210 ILCS 45/3-206

**ANSWER:**  **This Defendant denies the allegations of Paragraph 13 to the extent that they inaccurate quote or paraphrase the statute referenced.**

14.  The Nursing Home Care Act, as amended, provides as follows:

> "The owner and licensee are liable to a resident for any intentional or negligent act or omission of their agency or employees which injures the resident." 210 ILCS 45/3-601

**ANSWER:**  **This Defendant denies the allegations of Paragraph 14 to the extent that they inaccurate quote or paraphrase the statute referenced.**

4

15. As a direct and proximate result of one or more of the defendants' statutory violations, ANNA MAE HALL sustained injuries including but not limited to cardiac arrest, which caused or contributed to her death.

**ANSWER:** **This Defendant denies the allegations of Paragraph 15.**

16. As a direct and proximate result of one or more of the foregoing acts or omissions, ANNA MAE HALL suffered substantial injuries of a personal and pecuniary nature, including but not limited to, pain and suffering, disability and disfigurement, medical and related expenses: and ANNA MAE HALL would have been entitled to receive compensation from the defendant for these injuries had she survived.

**ANSWER:** **This Defendant denies the allegations of Paragraph 16.**

17. ANITA CARTER brings this action of behalf of ANNA MAE HALL under the provisions of 755 ILCS 6/27-6, commonly known as the Illinois Survival Statute.

**ANSWER:** **This Defendant will admit that the Plaintiff is allegedly bringing this action pursuant to the statute referenced, but denies the statute's applicability and denies any breach of said statute.**

WHEREFORE, the plaintiff, ANITA CARTER, As Special Administrator of the Estate of ANNA MAE HALL, Deceased, asks judgment against the defendants. MANOR CARE OF HOMEWOOD IL, LLC. and MANORCARE HEALTH SERVICES, LLC., in a fair and just amount in excess of One Hundred Thousand ($100,000) Dollars, attorneys fees and costs as provided for by Statute.

**ANSWER:** **WHEREFORE, Defendant, MANOR CARE OF HOMEWOOD IL, LLC, denies that the Plaintiff is entitled to a judgment in any sum whatsoever.**

### COUNT II
### (CARTER v. MANOR CARE OF HOMEWOOD IL, LLC, and MANORCARE HEALTH SERVICES, LLC.. - Wrongful Death)

NOW COMES the plaintiff, ANITA CARTER, As Special Administrator of the Estate of ANNA MAE HALL, Deceased, by and through her attorney, MUNDAY & NATHAN, makes the following allegations against the defendants, MANOR CARE OF HOMEWOOD IL, LLC. and MANORCARE HEALTH SERVICES, LLC.:

1. On or before December 31, 2005, the defendants, MANOR CARE OF HOMEWOOD IL, LLC. and MANORCARE HEALTH SERVICES, LLC., owned,

5

operated, maintained, managed and controlled a certain medical facility or nursing home wherein it provided rooms, laboratories, technicians, and nursing services, for patients confined in the said facility.

2. At all times mentioned herein, the defendants, MANOR CARE OF HOMEWOOD IL, LLC. and MANORCARE HEALTH SERVICES, LLC., conducted business by treating and examining patients in Cook County, Illinois.

3. On the December 31, 2005 through January 1, 2006. the plaintiffs decedent, ANNA MAE HALL, was a patient confined in the said facility, under the care of a duly licensed physician, medical personnel and nurses for treatment of ill-being to which the defendants examined the plaintiffs decedent, ANNA MAE HALL, and recommend a course of treatment with the plaintiffs decedent undertook upon the advise of the said defendants.

4. At all relevant times hereto, defendants, MANOR CARE OF HOMEWOOD IL LLC. and MANORCARE HEALTH SERVICES, LLC held itself out to the public as a skilled nursing home providing health care services, and the facility bore the MANORCARE HEALTH SVS HOMEWOOD name.

5. At all relevant times hereto, defendants, MANOR CARE OF HOMEWOOD IL, LLC. and MANORCARE HEALTH SERVICES, LLC. acted in a manner that would lead a reasonable person to conclude that the physicians and nurses providing care and treatment to plaintiffs decedent at MANORCARE, including, but not limited to its nursing staff, were employees or agents of MANOR CARE OF HOMEWOOD IL, LLC. and MANORCARE HEALTH SERVICES, LLC.

6. At all relevant times hereto, it was the duty of the defendants, by and through its duly licensed agents, servants and employees, as well as its actual and/or apparent agents, including but not limited to its nursing staff, to exercise ordinary care and caution in the care and treatment of the plaintiffs' decedent.

8. Not regarding its duty as aforesaid, the defendants, MANOR CARE OF HOMEWOOD IL, LLC. and MANORCARE HEALTH SERVICES, LLC., by and through their duly authorized and/or apparent agents, servants, and employees, were guilty of one or more of the following careless and negligent acts or omissions:

(a) carelessly and negligently failed to properly monitor ANNA MAE HALL;

(b) carelessly and negligently failed to properly administer medication to ANNA MAE HALL;

(c) carelessly and negligently failed to timely resuscitate ANNA MAE HALL;

(d) carelessly and negligently failed to contact emergency services for ANNA MAE HALL;

(e) otherwise carelessly and negligently failed to provide appropriate nursing care to ANNA MAE HALL; and/or

(f) otherwise carelessly and negligently failed to provide appropriate medical care to ANNA MAE HALL.

9. As a direct and proximate result of the aforesaid, Plaintiffs decedent, ANNA MAE HALL, suffered severe and permanent injuries that lead to her death on January 1, 2006 and her survivors have suffered injuries of a personal and pecuniary nature, including but not limited to loss of society, companionship, guidance and material services and support. Further, the estate of the decedent was diminished by virtue of the medical and funeral expenses that were incurred.

10. The plaintiff, ANITA CARTER, As Special Administrator of the Estate of ANNA MAE HALL, Deceased, brings this action pursuant to 740 ILCS 180/1, commonly known as the Wrongful Death Act of the State of Illinois.

11. Plaintiffs decedent left surviving her;

(a) her daughter, Anita Carter;

(b) her daughter, Carol Johnson; and

(c) her son, Willie Hall.

WHEREFORE, the plaintiff, ANITA CARTER, As Special Administrator of the Estate of ANNA MAE HALL, Deceased, ask judgment against the defendants, MANOR CARE OF HOMEWOOD IL, LLC. and MANORCARE HEALTH SERVICES, LLC, in a sum in excess of One Hundred Thousand ($100,000) Dollars, which will fairly compensate the plaintiff for the injuries sustained.

**ANSWER:** **This Defendant makes no response to the allegations contained in Counts II and III in that the Plaintiff has failed to attach the appropriate attorney certificate and physician's report as required by 735 ILCS 5/2-622.**

### COUNT III
### (CARTER v. MANOR CARE OF HOMEWOOD IL, LLC, and MANORCARE HEALTH SERVICES, LLC.- Survival Action)

NOW COMES the plaintiff, ANITA CARTER, As Special Administrator of the Estate of ANNA MAE HALL, Deceased, by and through her attorney, MUNDAY & NATHAN, makes the following allegations against the defendants, MANOR CARE OF HOMEWOOD IL, LLC. and MANORCARE HEALTH SERVICES, LLC.:

7

  1-10. Plaintiff realleges paragraphs I through 10 of Count II as if the same were set forth herein as paragraphs I through 10 of this Count III.

  11. That this action is being brought pursuant to the provisions of the Survival Act for all the damages awardable thereunder for those damages that ANNA MAE HALL could have sought compensation for had she survived.

  WHEREFORE, the plaintiff, ANITA CARTER, As Special Administrator of the Estate of ANNA MAE HALL, Deceased, ask judgment against the defendants, MANOR CARE OF HOMEWOOD IL, LLC. and MANORCARE HEALTH SERVICES, LLC., in a sum in excess of One Hundred Thousand ($100,000) Dollars, which will fairly compensate the plaintiff for the injuries sustained.

**ANSWER:** **This Defendant makes no response to the allegations contained in Counts II and III in that the Plaintiff has failed to attach the appropriate attorney certificate and physician's report as required by 735 ILCS 5/2-622.**

Respectfully submitted,

MANOR CARE OF HOMEWOOD IL, LLC

BY: _____
   Daniel P. Kramer
   One of its attorneys

McVEY & PARSKY, LLC
30 North LaSalle Street
Suite 2100
Chicago, IL 60602
Phone: 312/551-2130
Fax: 312/551-2131
Firm No. 39907

11739 DTM MC

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ANITA CARTER, as Administrator of the Estate of ANNA MAE HALL, Deceased, )<br><br>Plaintiff, )<br><br>v. )<br><br>MANOR CARE OF HOMEWOOD IL, LLC, and )<br>MANORCARE HEALTH SERVICES, LLC, )<br><br>Defendant. ) | Case No. 07 L 014462<br><br>Calendar X |

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

NOW COMES the Defendant, MANORCARE HEALTH SERVICES, LLC, by and through its attorneys, McVEY AND PARSKY, LLC., and pursuant to 735 ILCS 5/2-619, moves this Court to dismiss the Plaintiff's Complaint, and in support thereof, states as follows:

1. This Defendant is a foreign corporation with its principal place of business in Toledo, Ohio. (Please see Exhibit A, the Affidavit of Terry Wilson).

2. This Defendant has never owned, operated, maintained, managed, or controlled the facility referenced in the Plaintiff's Complaint. It has also never provided rooms, laboratories, technicians, or nursing services to patients confined in that facility. Furthermore, it has never conducted business by treating or examining patients in Cook County, Illinois or, more specifically, the facility in question. (Please see Exhibit A, the Affidavit of Terry Wilson).



WHEREFORE, Defendant, MANORCARE HEALTH SERVICES, LLC, would move that the Plaintiff's Complaint against it be dismissed, with prejudice.

Respectfully submitted,

MANORCARE HEALTH SERVICES, LLC

BY: _____
Daniel P. Kramer
One of its attorneys

McVEY & PARSKY, LLC
30 North LaSalle Street
Suite 2100
Chicago, IL 606062
Phone: 312/551-2130
Fax:    312/551-2131
Firm No. 39907

2

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ANITA CARTER, as Administrator of the Estate of ANNA MAE HALL, Deceased, ) ) ) ) Plaintiff, ) ) v. ) ) MANOR CARE OF HOMEWOOD IL, LLC, and ) MANORCARE HEALTH SERVICES, LLC, ) ) Defendant. ) | Case No. JURY DEMAND |

### AFFIDAVIT OF TERRY WILSON

I, TERRY WILSON, being first duly sworn, am competent to testify to the facts contained in this Affidavit in that I have personal knowledge of the following:

1. I am the Manager of Subsidiary Organization for Heartland Employment Services, LLC. In that capacity, I provide legal assistant services for ManorCare Health Services, LLC.

2. In my job, I am responsible for maintaining the corporate minute books for ManorCare Health Services, LLC. Because of my involvement in this position, I have personal knowledge of the facts stated in this Affidavit.

3. Manor Care of Homewood IL, LLC is a Delaware limited liability company. None of the members of Manor Care of Homewood IL, LLC reside in or have their principal place of business in Illinois.

4. ManorCare Health Services, LLC never owned, operated, managed, maintained, controlled, or was the licensee of the facility referenced in the Plaintiff's Complaint. In addition, ManorCare Health Services, LLC never provided any rooms, laboratories, technicians, or nursing services for residents confined in the facility. Lastly, ManorCare Health Services, LLC never conducted business by treating or examining patients in Cook County, Illinois.

AFFIANT FURTHER SAYETH NOT.

Date: 1/29/08

_____
Terry Wilson

Subscribed and sworn to before me this 29th day of January, 2008.

_____
Notary Public

LISA A. TAYLOR
Notary Public, State of Ohio
My Commission Expires 0[illegible]

EXHIBIT A