08 C 873

JUDGE GETTLEMAN
MAGISTRATE JUDGE DENLOW

# EXHIBIT 5

Discovery directed to Plaintiff

11739 DTM MC

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ANITA CARTER, as Administrator of the Estate of ANNA MAE HALL, Deceased, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MANOR CARE OF HOMEWOOD IL, LLC, and )<br>MANORCARE HEALTH SERVICES, LLC, )<br>)<br>Defendant. ) | Case No. 07 L 014462<br><br>Calendar X |

### INTERROGATORIES DIRECTED TO PLAINTIFF

NOW COMES the Defendant, MANOR CARE OF HOMEWOOD IL, LLC, by and through its attorneys McVEY & PARSKY, LLC, and propounds the following Interrogatories to be answered by the Plaintiff, ANITA CARTER, as Administrator of the Estate of ANNA MAE HALL, deceased, within twenty-eight (28) days upon receipt hereof:

1. State your full name, address, with whom you reside, date of birth and social security number.

**ANSWER:**

2. State the full name, address and telephone number of each person who witnessed or claims to have witnessed the occurrence alleged in your Complaint.

**ANSWER:**

3. State the full name, address and telephone number of each person not named in Interrogatory #2 above who was present or claims to have been present at the scene immediately before, at the time of or immediately after said occurrence.

**ANSWER:**

4. Describe in general the personal injuries sustained by the decedent as a result of said occurrence.

EXHIBIT 5

**ANSWER:**

5. With regard to said injuries, state:

    (a) the name and address of each attending physician;

    (b) the name and address of each consulting physician;

    (c) the name and address of each person or laboratory taking an x-ray of the decedent;

    (d) the date or inclusive dates on which each of them rendered the decedent service;

    (e) the amounts to date of their respective bills for service;

    (f) from whom of them do you have written reports.

**ANSWER:**

6. As the result of said injuries, was the decedent a patient or out-patient in any hospital or clinic? If so, state the names and addresses of each such hospital or clinic, the amounts of their respective bills and the date or inclusive dates of said services.

**ANSWER:**

7. Please list each and every element of damages claimed by you providing for each set of economic damages of the amount claimed and identify each and every document that contains facts, or purportedly contains facts upon which your damages calculations are premised. (For this Defendant only)

**ANSWER:**

8. During the five years immediately prior to the date of said occurrence, had the decedent been confined to a hospital, treated by a physician, or x-rayed for any reason other than personal injury? If so, give the name and address of each such hospital, technician or clinic, the approximate date of such confinement or service and state, in general, the reason for such confinement or service.

**ANSWER:**

2

9. Had the decedent suffered any serious personal injury prior to the date of said occurrence? If so, state when, where, and in general how the decedent was so injured and describe, in general, the injuries suffered.

**ANSWER:**

10. Had the decedent ever filed any other lawsuit for his own personal injuries? If so, state the court in which filed, the year filed and the title and docket number of said case.

**ANSWER:**

11. Were any photographs taken of the scene of the occurrence or of the person or persons involved? If so, state the date or dates on which such photographs were taken, the subjects thereof and who now has custody of them.

**ANSWER:**

12. Do you have statements from any witness and/or expert other than yourself? If so, give the name and address of each such witness and expert, the date of said statement, and state whether such statement was written or oral.

**ANSWER:**

13. List the name and addresses of all other persons who have knowledge of the facts of said occurrence or of the injuries and damages following there from.

**ANSWER:**

14. Please provide all information required by Illinois Supreme Court Rule 213 (f)(1), (f)(2), and (f)(3).

**ANSWER:**

15. Please identify each and every individual who has knowledge or purportedly has knowledge of any fact that will either support or refute the allegations contained in the Plaintiff's complaint.

**ANSWER:**

16. Please state each and every governmental or other such regulation, statute, standard, guideline, protocol, policy or other such rule, you contend that this defendant violated in caring for the decedent and for each violation state the facts upon which you premise your contention.

**ANSWER:**

17. Please list all of the other doctors, hospitals, clients and other healing art practitioners the decedent had seen in the eight years prior to his death, providing the last know addresses and telephone numbers for each.

**ANSWER:**

18. Please identify by title, author and date of publication each and every text, publication, or other such written document that establishes a standard of care that the Plaintiff claims that this defendant violated and that proximately caused the decedent's injuries.

**ANSWER:**

19. Please identify the decedent's cause of death, where the death occurred and the location of any autopsy that was performed.

**ANSWER:**

20. Please state whether the decedent, the decedent's power of attorney, the decedent's family, or the decedent's guardian ever refused any treatment, procedure, nutritional suggestion, medical care, or testing within two years of the decedent's death and, if so, please state why the treatment, medical etc.... was declined.

**ANSWER:**

21. Please state whether a "do not resuscitate' was in placed at any time during the decedent's stay at this defendant's facility and, if so, state the name and last known address of each and every individual, including doctors, who participated in having the do not resuscitate executed and why such a provision was put in place.

**ANSWER:**

4

22. Please provide the names, dates of birth, social security numbers, addresses and last known telephone numbers for each of the decedent's next of kin.

**ANSWER:**

23. Please state the date on which the Plaintiff was appointed administrator, guardian, special administrator or executor and provide a copy of any document evidencing such appointment.

**ANSWER:**

24. Describe the acts and/or the omissions of this defendant, including specific diagnosis, procedures, tests, therapy, treatment or any other type of healing arts, which you claimed caused or contributed to the injuries to the plaintiff's decedent for which you seek damages, and as to each, state:

    (a)   the date or dates thereof;

    (b)   the name and address of each witness;

    (c)   the names and address of all other persons having knowledge thereof;

    (d)   the location of any and all documents, including without limitation, nursing home, hospital or any other medical records reflection such acts and/or omissions.

**ANSWER:**

25. Have you or anyone acting on your behalf, had any conversations with any persons at any time with regard to the manner in which the care and treatment described in your complaint was provided, or have you overheard any statement made by any person at any time with regard to the injuries complained of by the plaintiff's decedent or concerning the manner in which the care and treatment alleged in the complaint was provided? If so, state:

    (a)   the date or dates of such conversation and /or statement;

    (b)   the place of such conversations and/or statements;

    (c)   the matters and things stated by the person in a conversation and/or statements;

    (d)   whether the conversation was oral, written and /or recorded;

    (e)   who has possession of this statement, if written and/or recorded?

5

**ANSWER:**

26. Identify each person or entity, if any, that claims a lien or right to payment or reimbursement of any money from the proceeds of any settlement or judgment in this litigation.

**ANSWER:**

27. Has the plaintiff or his attorneys engaged in discussions with any treating physician, nurse, or other health care provider that provided treatment to the decedent and, if so, state the name and address of each person with whom such discussions were held, the date on which the discussions were held, the names, addresses and employers of all individuals present for such discussions: whether such discussions were recorded or transcribed and if notes were taken during said discussions state the name, address and employer of the person taking the notes, and state who now has possession of said notes.

**ANSWER:**

Respectfully submitted,

MANOR CARE OF HOMEWOOD IL, LLC

BY: _____
Daniel P. Kramer
One of its attorneys

McVEY & PARSKY, LLC
30 N. LaSalle Street
Suite 2100
Chicago, IL 60602
Phone: 312/551-2130
Fax:   312/551-2131
Firm No.: 39907

11739 DTM MC

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ANITA CARTER, as Administrator of the Estate of ANNA MAE HALL, Deceased, ) ) ) | |
| Plaintiff, ) | |
| v. ) | Case No. 07 L 014462 |
| ) | |
| MANOR CARE OF HOMEWOOD IL, LLC, and MANORCARE HEALTH SERVICES, LLC, ) ) ) | Calendar X |
| Defendant. ) | |

## DEFENDANTS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, OBJECTS AND TANGIBLE THINGS

NOW COMES the Defendant, MANOR CARE OF HOMEWOOD IL, LLC., by its attorneys, McVEY & PARSKY, LLC, pursuant to Illinois Supreme Court Rule 214, and hereby requests that the Plaintiff produce within twenty-eight days of service of this request the following documents, as defined in Supreme Court Rule 214, objects or tangible things, together with a Supreme Court Rule 214 affidavit:

1. Any and all documents referenced in Plaintiffs answer to this Defendant's interrogatories.

2. Any and all documents reflecting or purportedly reflecting facts bearing on the Decedent's and her next of kin's damages.

3. Any and all documents reflecting facts bearing on the Decedent's pre or post incident medical condition.

4. Any and all documents reflecting facts or purportedly contains facts bearing on Decedent's mental status before, during and after the incident in question.

5. Curriculum Vitae and reports of any experts or opinion witness who will testify at trial.



EXHIBIT 5

6. Any and all documents provided to any 213(f) witness who will testify at trial.

7. Any non-privileged statements of any persons having knowledge of the matters alleged in the Complaint, whether written, audiotaped, videotaped, stenographically recorded or stored on computer hardware or software.

8. All photographs or visual recordings of any kind relating to the scene of the occurrence alleged in the Complaint, including, but not limited to, the instrumentalities involved and the Decedent and her next of kin.

9. Any and all protocols, standards, regulations, guidelines or other such documents that Plaintiff claims apply to the Defendant in this case and which were violated and ultimately contributed to the Decedent's injuries.

10. Any and all investigative reports by any entity or individuals pertaining to the incident that is alleged in the Plaintiff's complaint.

11. Any and all medical records pertaining to any care or treatment rendered to the Decedent over the last six (6) years.

12. Any and all treatises, guidelines, publications, standards, protocols, manuals, policies, procedures or other written material that the plaintiff believes is germane or maybe germane to the issues presented by the Plaintiff's pleadings.

13. Any and all documents that the Plaintiff or Plaintiff's attorneys plan on referring to or utilizing in any way during the depositions that will be conducted in this case.

14. Any and all documents that the Plaintiff or Plaintiff's attorneys plan on using during cross examination of any witness at trial, including any document that forms the basis for any question presented to any witness at trial.

15. Any documents that were allegedly generated by or relating to the defendant in this case.

16. Any and all correspondence between the plaintiff, Plaintiff's attorney, Plaintiff's agent, Plaintiff's attorney's agent and any third party pertaining to any issue or fact stemming from the Plaintiff's complaint.

17. Any and all medical bills of the Decedent that the Plaintiff claims are as a result of the incidents alleged in the Plaintiff's complaint.

18. Any and all documents that refer to or are germane to any damages the Plaintiff may seek in this case for the Decedent or any next of kin.

19. Any and all governmental documents that the Plaintiff believes are relevant to any issue in this case and/or the Plaintiff or the Plaintiff's attorneys plan on utilizing in any way during the discovery phase or at trial.

20. Any and all documents pertaining to Anita Carter being appointed as Administrator of the Estate of Anna Mae Hall.

                Respectfully submitted,

                MANOR CARE OF HOMEWOOD IL, LLC

BY: *[signature]*

                Daniel P. Kramer
                One of its attorneys

McVEY & PARSKY, LLC
30 N. LaSalle Street
Suite 2100
Chicago, IL 60602
Phone: 312/551-2130
Fax:    312/551-2131
Firm No.: 39907

11739 DTM MC

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ANITA CARTER, as Administrator of the Estate ) 
of ANNA MAE HALL, Deceased, )
)
Plaintiff, )
)
v. ) Case No. 07 L 014462
)
MANOR CARE OF HOMEWOOD IL, LLC, and ) Calendar X
MANORCARE HEALTH SERVICES, LLC, )
)
Defendant. )

### NOTICE OF DEPOSITION

TO:  Sharon A. Kobrin
MUNDAY & NATHAN
33 North Dearborn Street
Suite 2220
Chicago, IL 60602

| DEPONENT | DATE | TIME |
|---|---|---|
| Anita Carter | May 8, 2008 | 2:00 p.m. |

You are hereby notified that the undersigned will take the deposition of the above named Deponent(s) before a notary public or any other duly authorized officer in the City of Chicago on **the above date and time.** The deposition will occur at **30 N. LaSalle Street, Suite 2100, Chicago, Illinois 60602.**

You are hereby further notified pursuant to the Civil Practice Act and Rules of the Supreme Court of Illinois that you are by this notice required to have present at the date and time and place stated, the said Deponent(s) for oral examination for the purpose of discovery.

Daniel P. Kramer
Attorney for Defendant, Manor Care of Homewood IL, LLC

McVEY & PARSKY, LLC
30 N. LaSalle Street
Suite 2100
Chicago, IL 60602
Phone: 312/551-2130
Fax:   312/551-2131
Firm No. 39907

EXHIBIT 5