**08 C 873**

**JUDGE GETTLEMAN**
**MAGISTRATE JUDGE DENLOW**

# EXHIBIT 6

Motion for Qualified Protective Order

11739 DTM MC

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ANITA CARTER, as Administrator of the Estate )
of ANNA MAE HALL, Deceased, )
                                              )
                    Plaintiff,                )
                                              )     Case No. 07 L 014462
v.                                            )
                                              )     Calendar X
MANOR CARE OF HOMEWOOD IL, LLC, and           )
MANORCARE HEALTH SERVICES, LLC,               )
                                              )
                    Defendant.                )

## MOTION FOR QUALIFIED PROTECTIVE ORDER

NOW COMES the Defendant, MANOR CARE OF HOMEWOOD IL, LLC, by and through its attorneys, McVEY AND PARSKY, LLC., pursuant to 42 U.S.C. §1200d and 45 CFR Parts 160 and 164 (HIPAA) and requests that this Court enter a Qualified Protective Order, stating as follows:

1.  Plaintiff has filed a case alleging professional negligence and violations of the Nursing Home Care Act in the providing of health care to Anna Mae Hall.

2.  The defendant, treating physicians, hospitals and other health care providers disclosed by the Plaintiff in this case, are all "covered entities" as defined by 45 CFR 160.103. HIPAA prohibits covered entities from disclosing protected health information in judicial proceedings other than by authorization or qualified protective order. 45 CFR § 164.512 (e).

3.  These covered entities are all in possession of "protected health information" ("PHI") as defined by 45 CFR 160.103. and 160.501, in the form of medical records (imaging, rest results, insurance documents, notes, orders, labs, correspondence, pathology, etc.) pertaining to Anna Mae Hall.



4. Both the prosecution and defense of this case will require that the parties, their attorneys, their attorneys' agents, consultants and various witnesses and other personnel receive and review copies of the PHI pertaining to Anna Mae Hall, which is in the treating providers' possession.

WHEREFORE, defendant, respectfully request that this Court enter the proposed Order permitting the use and disclosure of PHI created or received by any covered entity who has provided health care to Anna Mae Hall, for any purpose connected with the pending litigation.

Respectfully submitted,

MANOR CARE OF HOMEWOOD IL, LLC

BY: _____
Daniel P. Kramer
One of its attorneys

McVEY & PARSKY, LLC
30 North LaSalle Street
Suite 2100
Chicago, IL 606062
Phone: 312/551-2130
Fax:    312/551-2131
Firm No. 39907

11739 DTM MC

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ANITA CARTER, as Administrator of the Estate of ANNA MAE HALL, Deceased, ) ) ) | |
| Plaintiff, ) | |
| v. ) | Case No. 07 L 014462 |
| ) | |
| MANOR CARE OF HOMEWOOD IL, LLC, and ) MANORCARE HEALTH SERVICES, LLC, ) ) | Calendar X |
| Defendant. ) | |

## QUALIFIED HIPAA PROTECTIVE ORDER

This matter having come to be heard on the motion of defendant, MANOR CARE OF HOMEWOOD IL, LLC, for entry of a Qualified Protective Order, due notice hereof having been given, and the Court being duly advised in the premises:

IT IS HEREBY ORDERED:

1. The current parties (and their attorneys) and any future parties (and their attorneys)) to the above-captioned matter are hereby authorized to receive, subpoena, and transmit "protected health information" (also referred to herein as "PHI") pertaining to Anna Mae Hall to the extent and subject to the conditions outlined herein.

2. For the purposes of this Qualified Protective Order, "PHI" or "protected health information" shall have the same scope and definition as set forth in 45 CFR 160.103 and 164.501. Without limiting the generality of the foregoing, "PHI: includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present or future physical or mental condition of an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. All "covered entities" (as defined by 45 CFR 160.103) are hereby authorized to disclose PHI pertaining to Anna Mae Hall, to all attorneys now of record in this matter or who may become of record in the future of this litigation.

4. All "covered entities" (as defined by 45 CFR 160.103) are hereby authorized to disclose PHI pertaining to Anna Mae Hall, in any manner that is reasonably connected with the above-captioned litigation. This includes, but is not limited to, disclosure to the parties, their attorneys of record, the attorneys' firm (i.e., attorneys, support staff, agents and consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process.

EXHIBIT

5.  At the conclusion of the litigation as to any defendant(s) (which shall be defined as the point at which final orders disposing of the entire case as to any defendants(s) has/have been entered), that defendant(s) and any person or entity in possession of PHI received from that defendant(s) pursuant to paragraph 4 of this Order shall destroy any and all copies of PHI pertaining to Anna Mae Hall <u>except</u>: (1) the defendant(s) that is no longer in the litigation may retain PHI generated by him;her/it; and (2) the remaining defendant(s) in the litigation, and persons or entities receiving PHI from those defendant(s) pursuant to paragraph 4 of this Order, may retain PHI in their possession.

6.  This Order shall not control or limit the use of protected health information pertaining to Anna Mae Hall that comes into the possession of any party of any party' attorney from a source <u>other than</u> a "covered entity", (as that term is described in 45 CFR 160.103).

7.  Nothing in this Order authorized defense counsel to obtain medical records or information through a means other than formal discovery requests, subpoena, depositions, pursuant to a patient's authorization or though attorney/client communications. Likewise, nothing in this Order relieves any party from complying with the requirements of the Illinois Mental Health and Developmental Disabilities confidentiality Act (740 ILCS 110/1 *et. seq.*), the Aids Confidentiality Act (410 ILCS 305/1 *et seq.*) or state and federal law that protects certain drugs and alcohol records (20 ILCS 301/30-5, 42 USC 290dd-3 and 209ee-3, and 42 CFR Part 2).

_____
Entered

_____
Judge

McVEY & PARSKY, LLC
30 North LaSalle Street
Suite 2100
Chicago, IL 606062
Phone: 312/551-2130
Fax:    312/551-2131
Firm No. 39907

2